## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

BALOR AUDIO LLC

    Plaintiff

    vs.

MARK OF THE UNICORN, INC.

    Defendant

CIVIL CASE NO.

JURY TRIAL DEMANDED

## COMPLAINT FOR INFRINGEMENT OF PATENT

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Balor Audio LLC ("Balor" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Mark of the Unicorn, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Balor, from U.S. Patent No. 8,649,891 (the "'891 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.      Plaintiff Balor is a Texas entity with its principal place of business at 6010 W. Spring Creek Parkway, Plano, TX 75024.

3.      Upon information and belief, Defendant is a corporation established under the laws of the Commonwealth of Massachusetts, having a principal place of business at 1280 Massachusetts Ave., Cambridge, MA 02138. Upon information and belief, Defendant may be served with process at Robert Nathaniel, 10 Cerulean Way, Lincoln, MA 01773.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including having branches and employees in Massachusetts, as well as because of the injury to Balor, and the cause of action Balor has risen, as alleged herein.

6.      Defendant is subject to this Court's personal jurisdiction pursuant to due process, due at least to its substantial business and purposeful availment of this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Massachusetts and in this judicial district.

7.      Upon information and belief, Defendant, directly and/or through its employees or agents, and/or its customers, uses products, as defined below, that contain each and every element of at least one claim of the '891 patent with the knowledge and/or understanding that such products are used or will be used in this District. For example, the accused instrumentality enables users to generate audio signals having a selected length. Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

8.      Defendant has conducted and does conduct business within the Commonwealth of Massachusetts, including the geographic region within the District of Massachusetts, directly or through intermediaries, resellers or agents, or offers and advertises (including through the use of

interactive web pages with promotional material) products or services, or uses services or products in Massachusetts, including this judicial district, that infringe the '891 patent.

9.      Specifically, Defendant solicits business from and markets its services to consumers within Massachusetts, including the geographic region within the District of Massachusetts, by offering audio products for said Massachusetts consumers enabling them to generate an audio signal comprising a selected length using a database.

10.      In addition to Defendant's continuously and systematically conducting business in Massachusetts, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the Commonweath of Massachusetts, including the geographic region within the District of Massachusetts, such as Defendant's use of audio products that include features that fall within the scope of at least one claim of the '891 patent.

11.      Defendant is a company that has a regular and established presence in this district and uses and makes an audio signal generator for generating an audio signal having a selected length.

12.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

## FACTUAL ALLEGATIONS

13.      On February 11, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '891 patent, entitled "Audio Signal Generator, Method of Generating an Audio Signal, and Computer Program for Generating an Audio Signal" after a full and fair examination. (Exhibit A).

14.     Balor is presently the owner of the patent, having received all right, title and interest in and to the '891 patent from the previous assignee of record. Balor possesses all rights of recovery under the '891 patent, including the exclusive right to recover for past infringement.

15.     The '891 patent contains three independent claims and ten dependent claims. Defendant commercializes, inter alia, products that contain all the elements recited in at least one claim of the '891 patent.

16.     The invention claimed in the '891 patent comprises an audio signal generator for generating an audio signal having a selected length.

## DEFENDANT'S PRODUCTS

17.     Defendant offers audio products for individuals and businesses, such as the "Digital Performer" system (the "Accused Instrumentality"), that enable generating an audio signal comprising a selected length, as recited in claim 1 of the '891 patent.[1] For example, as shown in Defendant's website, the Accused Instrumentality enables users to generate an audio signal by recording, editing and mixing audio sequences (including loops, previously recorded audio, and other audio samples).[2]

18.     As recited in claim 1 of the '891 patent, the Accused Instrumentality comprises a database comprising information on a plurality of different pre-defined sequences of audio samples, a sample being an audio signal comprising a time duration larger than one second, each pre-defined sequence of the plurality of pre-defined sequences comprising at least two audio samples, the information for a pre-defined sequence comprising an order of the audio samples in the pre-defined sequence and a duration of the pre-defined sequence. For example, the Accused

---

[1] http://motu.com/download
[2] Digital Performer 9 User Guide, pp. 149 - http://cdn-data.motu.com/manuals/software/Digital%20Performer%20User%20Guide.pdf

Instrumentality provides a library of audio sequences (including loops, previously recorded audio, and other audio samples) for its users to use while generating audio mixes. Each audio sequence in the library comprises at least two audio samples in a predefined sequence wherein each sample is an audio portion (loops, beats, instrument sounds, etc.) of duration larger than one second.[3]

19.     As recited in claim 1 of the '891 patent, the Accused Instrumentality comprises a database comprising information on a plurality of different pre-defined sequences of audio samples, wherein the audio samples are stored in a library so that each audio sample is identifiable using an audio sample ID, wherein the information for the pre-defined sequence comprises a pre-defined sequence of audio sample IDs as the order of the audio samples. For example, the Accused Instrumentality provides a library of audio sequences (sequences (including loops, previously recorded audio, and other audio samples). Each audio sequence in the library comprises at least two audio samples wherein each sample is an audio portion (loops, beats, instrument sounds, etc.) of a duration larger than one second. Each audio sample is identifiable using an audio sample ID (as seen in the library and editing areas of the Digital Performer graphical user interface) and the information for the sequences includes information of the order in which the samples are arranged to form the sequence.[4]

20.     As recited in claim 1 of the '891 patent, the Accused Instrumentality comprises a database interface for accessing a database. For example, the Accused Instrumentality provides access to the database of audio tracks, sequences, loops and recordings using the Digital Performer graphical user interface.[5]

---

[3] *Id.*, pp. 155, 251-253, 491, 533.
[4] *Id.*, pp. 155, 252-253, 491, 615.
[5] *Id.*, p. 155.

21.     As recited in claim 1 of the '891 patent, the Accused Instrumentality comprises a processor for constructing the audio signal by serially connecting the pre-defined sequences using the information on the duration of each pre-defined sequence in accordance with a construction algorithm to acquire a collection of pre-defined sequences representing the audio signal a combined duration of the collection of pre-defined sequences being as close as possible to the selected length, a number of pre-defined sequences in the resulting collection of pre-defined sequences being minimum. For example, users of the Accused Instrumentality construct an audio signal by importing, arranging and mixing predefined audio samples, including loops, which have been recorded or otherwise stored in the library. The users specify a length for the overall audio signal – and the Accused Instrumentality's software uses a construction algorithm for repeating the selected loops such that the combined duration of the loop tracks is as close as possible to the length of the overall audio signal as specified by the user using the graphical user interface.[6]

22.     As recited in claim 1 of the '891 patent, the Accused Instrumentality provides the claimed audio signal generator, wherein the processor is operative to serially connect the collection of the pre-defined sequences of audio sample IDs for rendering or for generating or storing the audio signal based on a sequential processing of audio sample IDs and the corresponding audio samples. For example, users of the Accused Instrumentality can construct an audio signal by importing, arranging and mixing predefined audio samples, including loops, which have been recorded or otherwise stored in the library.[7]

23.     The elements described in paragraphs 17-22 are covered by at least claim 1 of the '891 patent. Thus, Defendant's use of the Accused Instrumentality is enabled by the invention described in the '891 patent.

---

[6] *Id.*, pp. 155, 251-253, 491, 533, 615.
[7] *Id.*, pp. 252-253, 491, 615.

24.     Defendant offers audio products for individuals and businesses, such as the "Digital Performer" system (the "Accused Instrumentality"), that allows users to perform a method of generating an audio signal comprising a selected length, as recited in claim 12 of the '891 patent.[8] For example, as shown in Defendant's website, the Accused Instrumentality enables users to generate an audio signal by recording, editing and mixing audio sequences (including loops, previously recorded audio, and other audio samples).[9]

25.     As recited in claim 12 of the '891 patent, Defendant performs the step of  using a database comprising information on a plurality of different pre-defined sequences of audio samples, a sample being an audio signal comprising a time duration larger than one second, each pre-defined sequence of the plurality of pre-defined sequences comprising at least two audio samples, the information for a pre-defined sequence comprising an order of the audio samples in the pre-defined sequence and a duration of the pre-defined sequence. For example, the Accused Instrumentality provides a library of audio sequences (including loops, previously recorded audio, and other audio samples) for its users to use while generating audio mixes. Each audio sequence in the library comprises at least two audio samples in a predefined sequence wherein each sample is an audio portion (loops, beats, instrument sounds, etc.) of duration larger than one second.[10]

26.     As recited in claim 12 of the '891 patent, Defendant performs the step of using a database comprising information on a plurality of different pre-defined sequences of audio samples. For example, the Accused Instrumentality provides a library of audio sequences (sequences (including loops, previously recorded audio, and other audio samples). Each audio sequence in the library comprises at least two audio samples wherein each sample is an audio

[8] http://motu.com/download
[9] Digital Performer 9 User Guide, pp. 149 - http://cdn-data.motu.com/manuals/software/Digital%20Performer%20User%20Guide.pdf
[10] Id., pp. 155, 251-253, 491, 533.

portion (loops, beats, instrument sounds, etc.) of a duration larger than one second. Each audio sample is identifiable using an audio sample ID (as seen in the library and editing areas of the Digital Performer graphical user interface) and the information for the sequences includes information of the order in which the samples are arranged to form the sequence.[11]

27.     As recited in claim 12 of the '891 patent, Defendant performs the step of accessing a database. For example, users of the Accused Instrumentality access the database of audio tracks, sequences, loops and recordings using the Digital Performer graphical user interface.[12]

28.     As recited in claim 12 of the '891 patent, Defendant performs the step of constructing the audio signal by serially connecting the pre-defined sequences using the information on the duration of each pre-defined sequence in accordance with a construction algorithm to acquire a collection of pre-defined sequences representing the audio signal a combined duration of the collection of pre-defined sequences being as close as possible to the selected length, a number of pre-defined sequences in the resulting collection of pre-defined sequences being minimum. For example, users of the Accused Instrumentality construct an audio signal by importing, arranging and mixing predefined audio samples, including loops, which have been recorded or otherwise stored in the library. The users specify a length for the overall audio signal – and the Accused Instrumentality's software uses a construction algorithm for repeating the selected loops such that the combined duration of the loop tracks is as close as possible to the length of the overall audio signal as specified by the user using the graphical user interface.[13]

29.     As recited in claim 12 of the '891 patent, Defendant performs the claimed method, wherein the collection of the pre-defined sequences of audio sample IDs is serially connected for

---

[11] *Id.*, pp. 155, 252-253, 491, 615.
[12] *Id.*, p. 155.
[13] *Id.*, pp. 155, 251-253, 491, 533, 615.

rendering or for generating or storing the audio signal based on a sequential processing of audio sample IDs and the corresponding audio samples. For example, users of the Accused Instrumentality can construct an audio signal by importing, arranging and mixing predefined audio samples, including loops, which have been recorded or otherwise stored in the library.[14]

30.    The elements described in paragraphs 24-29 are covered by at least claim 12 of the '891 patent. Thus, Defendant's use of the Accused Instrumentality is enabled by the method described in the '891 patent.

## COUNT I
## (DIRECT INFRINGEMENT OF THE '891 PATENT)

31.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 30.

32.    In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '891 patent by making and/or using a product, at least during internal testing, that contain all the elements recited in claims 1 and 12 of the '891 patent, as outlined in paragraphs 17-30 of the present complaint.

33.    Defendant has had knowledge of infringement of the '891 patent at least as of the service of the present complaint.

34.    Defendant has directly infringed and continues to directly infringe at least claims 1 and 12 of the '891 patent by making and/or using the Accused Instrumentality without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '891 patent, Plaintiff has been and continues to be damaged.

---

[14] *Id.*, pp. 252-253, 491, 615.

35.     By engaging in the conduct described herein, Defendant has injured Balor and is thus liable for infringement of the '891 patent, pursuant to 35 U.S.C. § 271.

36.     Defendant has committed these acts of infringement without license or authorization.

37.     As a result of Defendant's infringement of the '891 patent, Balor has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

38.     Balor will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Balor is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## COUNT II
## (INDIRECT INFRINGEMENT OF THE '891 PATENT)

39.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 38.

40.      In violation of 35 U.S.C. § 271, Defendant is now, and has been indirectly infringing the '891 patent.

41.     Defendant has had knowledge of infringement of the '891 patent at least as of the service of the present complaint.

42.     Defendant has indirectly infringed and continues to indirectly infringe at least claims 1 and 12 of the '891 patent by actively inducing its respective customers, users, and/or licensees to directly infringe by using the Accused Instrumentality.  Defendant engaged or will have engaged in such inducement having knowledge of the '891 patent.  Furthermore, Defendant knew or should have known that its action would induce direct infringement by others and intended

that its actions would induce direct infringement by others.  For example, Defendant sells, offers to sell and advertises the Accused Instrumentality through websites or digital distribution platforms that are available in Massachusetts, specifically intending that its customers use it.[15] Furthermore, Defendant's customers' use of the Accused Instrumentality is facilitated by the invention described in the '891 patent. As a direct and proximate result of Defendant's indirect infringement by inducement of the '891 patent, Plaintiff has been and continues to be damaged.

43.     By engaging in the conduct described herein, Defendant has injured Balor and is thus liable for infringement of the '891 patent, pursuant to 35 U.S.C. § 271.

44.     Defendant has committed these acts of infringement without license or authorization.

45.     As a result of Defendant's infringement of the '891 patent, Balor has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs. Balor will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Balor is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## **DEMAND FOR JURY TRIAL**

46.     Balor demands a trial by jury of any and all causes of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Balor prays for the following relief:

a.     That Defendant be adjudged to have directly infringed the '891 patent either literally or under the doctrine of equivalents;

---

[15] http://motu.com/download

b.      That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '891 patent;

c.      An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Balor for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

d.      An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e.      That Defendant be directed to pay enhanced damages, including Balor's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

f.      That Balor have such other and further relief as this Court may deem just and proper.


Dated: August 7, 2018                    Respectfully Submitted,

                                         By: /s/ Gustavo A. Chico-Barris
                                         Gustavo A. Chico-Barris
                                         USDC-MA No. 568818
                                         **Ferraiuoli LLC**
                                         221 Plaza, 5th Floor
                                         221 Ponce de León Avenue
                                         San Juan, PR 00917
                                         Telephone: (787) 766-7000
                                         Facsimile: (787) 766-7001
                                         Email: gchico@ferraiuoli.com

                                         Eugenio J. Torres-Oyola
                                         USDC-PR No. 215505
                                         **Ferraiuoli LLC**
                                         221 Plaza, 5th Floor
                                         221 Ponce de León Avenue

San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC-PR No. 227811
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
BALOR LLC**